[Civ. No. 2854. Second Appellate District, Division One.—June 27, 1919.]

## STELLA G. RUCKER, as Administratrix, etc., Respondent, v. SAN DIEGO ELECTRIC RAILWAY COMPANY (a Corporation), Appellant.

[1] NEGLIGENCE—INJURY BY STREET-CAR—CAR WINDOW OBSCURED BY MIST—FACT IMMATERIAL.—Where plaintiff's intestate was plainly in view where he easily could have been seen if the windows in the front of the street-car were not obstructed, it is immaterial that there is no evidence to support the finding of the court, in an action for damages for personal injuries caused by the alleged negligent operation of the car, that such windows were obscured by mist to an extent that it was impossible for the motorman to see any object or person directly in front of the car by reason thereof, and that said motorman took no precaution to remove such obstruction. In either event, it was negligence on the part of the motorman to suddenly start the car and run it against plaintiff's intestate.

[2] ID.—STREET-CAR STANDING STILL AT CROSSING—RIGHTS OF PASSENGERS.—Where a street-car is standing still at a street crossing, passengers have a right to alight from the car, or to approach the car if they desire to obtain passage thereon, even though the car did not stop for that specific purpose.

[3] ID.—PASSING IN FRONT OF MOVING TRAIN—INJURY BY TRAIN STANDING STILL.—Because the injured person crossed the northbound track on which a train was approaching, it cannot be said as a matter of law that he was negligent when he passed in front of the south-bound car (by which he was injured) at a time when it was standing still at a street crossing. The fact of care or want of care on the part of a person crossing the street in front of a standing car at such a place is generally a matter to be determined by the court or jury from the circumstances surrounding him at the time.

[4] ID.—PLEADING — CAUSE OF INJURY — FINDINGS.—Where all the allegations of plaintiff's complaint taken together clearly charge that the injuries were received as a direct result of the negligence of the defendant in the operation of its south-bound car, and the court finds this charge to be true, the result of the action could not be changed by a finding in favor of the defendant with respect to a charge of negligence in the operation of its north-bound car, and the failure of the court to make a finding upon this last fact furnishes no ground for reversing the judgment in favor of plaintiff.

APPEAL from a judgment of the Superior Court of San Diego County.   W. A. Sloane, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Read G. Dilworth, Titus & Davin, Horton L. Titus and E. L. Davin for Respondent.

Binnard & Macomber and Henning & McGee for Respondent.

CONREY, P. J.—The defendant appeals from a judgment awarding to the plaintiff damages for personal injuries caused by the negligent operation of a street-car of the defendant.

Paragraphs IV to XVI of the court's findings are as follows:

"IV.   That on February 24th, 1915, at about the hour of 7 o'clock in the evening, the plaintiff, P. R. Rucker, desirous of becoming a passenger on the south-bound car of the defendant operated on Fifth Street in said city of San Diego, hailed one of said cars owned by defendant as it was approaching the intersection of Fifth Street and Redwood Street in the said city of San Diego.

"V.   That the said car, so signaled by the said P. R. Rucker, was brought to a stop on said Fifth Street at the north side of Redwood Street.

"VI.   That while said car was at a standstill the plaintiff, in order to become a passenger thereon. started to cross the track directly in front of said car.

"VII.   That said car, which was in charge of and being operated by a servant of the defendant, while the plaintiff, P. R. Rucker, was passing immediately in front thereof, without warning of any kind or character whatsoever, was suddenly started forward and run against the plaintiff and threw him upon the east parallel electric car track of defendant on said Fifth Street, upon which car tracks were operated the north-bound cars of the defendant company.

"VIII.   That while plaintiff was helpless, and before he had an opportunity to obtain proper control of his movements, the plaintiff, P. R. Rucker, was run against and struck by a car owned by the defendant San Diego Electric Railway Company, and operated by its servants.

"IX. That at the time the plaintiff left the curb on the east side of Fifth Street for the purpose of becoming a passenger upon the south-bound car of the defendant he looked both northerly and southerly along Fifth Street and observed the various obstructions and vehicles upon the street, and that the car coming northerly, at the time plaintiff stepped from the curb or was about to step from the curb, was about three hundred feet away, and that the said south-bound car was at a standstill or about to come to a standstill.

"X.. That at the time the plaintiff had crossed the north-bound tracks and was about to step over and cross the south-bound tracks the said south-bound car was at a standstill.

"XI. That at the time the motorman in charge of the south-bound car started his said car, after said car had been brought to a stop for the purpose of permitting passengers and the plaintiff to board the same, and for some time prior thereto, the windows in front of said car were obscured by mist to an extent that it was impossible for the motorman to see any object or person directly in front of the car by reason thereof, and that said motorman took no precaution to remove such obstruction from the glass or to open the window so that he would have a clear and unobstructed view of the street immediately before the car.

"XII. That the motorman in charge of said south-bound car started the same after the plaintiff, P. R. Rucker, had committed himself to the crossing of the south-bound car tracks, without sounding gong or giving any other notice or warning that he was about to put the car in motion.

"XIII. That the plaintiff, P. R. Rucker, had no reasonable opportunity to extricate himself from his position in front of the south-bound car after the same had been started in motion by the servants of the defendant without notice or warning, or to take any precaution to avoid being struck, crushed, or mangled thereby.

"XIV. That the plaintiff, P. R. Rucker, had no reasonable opportunity to extricate himself from his position of danger, or any danger, of being struck by the north-bound car after he had been placed in this position by reason of being run against by the south-bound car, or to take any precautions so as to extricate himself from the danger of being struck, crushed or mangled by the defendant's car.

"XV. That the plaintiff used all due care and precaution in and about crossing the said Fifth Street at the intersection of Redwood Street on said February 24, 1915, at the hour of 7 P. M. or thereabouts, and took all due care and precaution in stepping upon the tracks whereon said cars of defendant were operated.

"XVI. That the plaintiff was not negligent or careless in any respects whatsoever."

The points relied upon by appellant are stated as follows: (1) There is no evidence to support or sustain the finding of the court that the windows in front of defendant's southbound car were obscured by mist to an extent that it was impossible for the motorman to see any object or person directly in front of the car by reason thereof, and that said motorman took no precaution to remove such obstruction. (2) There is no evidence to support the finding that the motorman in charge of defendant's south-bound car brought it to a stop for the purpose of permitting passengers and the plaintiff to board the same. (3) The plaintiff was chargeable with contributory negligence as a matter of law. (4) The court erred in failing to find upon material issues made by the pleadings, to wit, whether the defendant was negligent in approaching Redwood Street at a rate of speed approximately twenty miles an hour; whether the motorman on the north-bound car was negligent in failing to see the plight and condition of the plaintiff before he was struck by the north-bound car; whether the defendant was negligent in the operation of the north-bound car in failing to slow down said car when approaching the intersection of Fifth Street and Redwood Street; whether the defendant was negligent in the operation of said north-bound car by running into, against, and upon the plaintiff.

[1] In any view of the case, point 1 cannot benefit appellant, which claims that the windows in front of the car were not obscured. If they were not obscured, then there was nothing to prevent the motorman from seeing the plaintiff, who was then immediately in front of the car. That being so, and the plaintiff being plainly in view, where he easily could be seen, it was negligence on the part of the motorman to suddenly start the car and run it against the plaintiff. [2] Under point 2 appellant admits that the car had been stopped for the purpose of discharging passen-

gers, but contends that it was not shown to have been stopped for the purpose of permitting passengers or the plaintiff to board the same.  To our minds, the important fact is that the car was standing still at a street crossing, and that under such circumstances passengers had the right to alight from the car, or to approach the car if they desired to obtain passage thereon.

[3]    The third point is that plaintiff was chargeable with contributory negligence as a matter of law.  The argument of appellant here seems to be directed chiefly to the relation between the plaintiff and the approaching north-bound car. But no question of negligence on the part of plaintiff or defendant, with respect to that car, is material under the facts of this case.  At the moment of the accident the plaintiff had passed the north-bound track and was free of danger from the north-bound car.  If there had been no south-bound car there would have been no accident and no injury to the plaintiff.  It cannot be said as a matter of law that the plaintiff was negligent when he passed in front of the south-bound car at a time when it was standing still at a street crossing.  (*Scott* v. *San Bernardino Valley etc. Co.,* 152 Cal. 604, 611, [93 Pac. 677].)  The fact of care or want of care on the part of a person crossing the street in front of a standing car at such a place is generally a matter to be determined by the court or jury from the circumstances surrounding him at the time.

[4]    The fourth point relates to the alleged negligence of the defendant in the operation of its north-bound car. In their argument, counsel for appellant refer to the complaint and claim that the plaintiff was attempting to base his cause of action upon a violation of the last clear chance rule; that the plaintiff nowhere alleges in his complaint that the injuries he suffered resulted from the negligent operation of the south-bound car; that, on the contrary, the plaintiff clearly relies upon injuries occasioned by the negligence of the motorman of the north-bound car.  On examination of the complaint, however, we find it alleged "that while plaintiff was attempting to cross the track in front of said car which was at a standstill as aforesaid for the purpose of getting on the same, and before plaintiff had passed or had reasonable opportunity to pass clear of the front of said car, the motorman on said car carelessly and negli-

gently and without any warning whatsoever suddenly started said car in motion; that plaintiff observing his immediate danger and realizing that he would be unable to cross said track without being struck, crushed, and mangled by said car so negligently and carelessly started as aforesaid, endeavored to extricate himself from said danger, and before he had reasonable opportunity so to do, and without any fault or omission on his [plaintiff's] part was struck and run against by said car and thrown on to, upon, or near the east parallel electric car track of defendant on said Fifth Street; that before plaintiff could recover himself from the impact of said car, and while he was in such helpless condition, he was ran against and struck by a north-bound car operated by defendant, . . . upon said east track of said Fifth Street at said intersection." Allegations follow which charge the defendant with negligence in the operation of the north-bound car. Nevertheless, it is then alleged "that by reason of the negligent acts and conduct of the defendant as set forth herein and as a direct result therefrom" the plaintiff suffered the described injuries. These allegations taken together clearly charge that the injuries were received as a direct result of the negligence of the defendant in the operation of the south-bound car. The court having found this charge to be true, the result of the action could not be changed by a finding in favor of the defendant with respect to the charge of negligence in the operation of the north-bound car, and the failure of the court to make a finding upon this last fact alleged furnishes no ground for sustaining the appeal.

The judgment is affirmed.

Shaw, J., and James, J., concurred.